UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 8043 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| VALLEY FIRE PROTECTION SYSTEMS, LLC, and TOM HARTEL, individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Crystal McKinney filed this suit against her former employer, Valley Fire Protection Systems, LLC, and its president, Tom Hartel, alleging common law breach of contract and violations of various state and federal statutes. Doc. 1. McKinney then filed an amended complaint adding a new claim for tortious interference with prospective economic advantage. Doc. 29 at ¶¶ 105-09.

Defendants have moved to dismiss the tortious interference claim on ground that the amended complaint does not allege sufficient facts to support the claim. In her response brief, McKinney sets forth additional facts and seeks leave to amend her complaint to include those facts. Doc. 45 at 4-5. There is no need to amend the complaint. Because the additional facts set forth in McKinney's brief are consistent with the facts alleged in the amended complaint, the court must consider the additional facts when ruling on the Rule 12(b)(6) motion. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir.

2008); *Help At Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752-53 (7th Cir. 2001); *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992).

To state a claim under Illinois law for tortious interference with prospective economic advantage, a plaintiff must allege "(1) [a] reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference." *Botvinick v. Rush Univ. Med. Ctr.*, 574 F.3d 414, 417 (7th Cir. 2009). The amended complaint and other materials that may be considered on a Rule 12(b)(6) motion set forth the following facts. While employed by Valley Fire, McKinney had frequent contact with Aurora Tri State, a competitor of Valley Fire. Doc. 45 at 4. On February 2, 2010, Aurora offered her a job similar to the one she had at Valley Fire. *Ibid*. When Aurora made the offer, it was unaware that Valley Fire had terminated McKinney one day earlier, on February 1, 2010. *Ibid.*; Doc. 29 at ¶ 34. The next day, on February 3, 2010, Aurora told McKinney that Hartel had called Aurora and that Aurora was rescinding the job offer. Doc. 45 at 5. Valley Fire and Hartel were aware of the job offer and interfered with it "by communicating inaccuracies, allegations, and/or lies to [Aurora]." Doc. 29 at ¶¶ 107-08.

These allegations state a plausible tortious interference claim: McKinney had a job offer from Aurora; Defendants knew about the job offer; Defendants told Aurora lies about McKinney in order to cause Aurora to rescind the offer; Aurora withdrew the offer; and McKinney was damaged as a result. *See Phillips v. Quality Terminal Servs., LLC*, 2009 WL 4674051, at *9-10 (N.D. Ill. Dec. 4, 2009). McKinney's failure to provide greater detail regarding Hartel's conversation with Aurora is not fatal to her claim; because she was not privy to that

conversation, she may plead the details "on information and belief." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442-43 (7th Cir. 2011); *Michael v. Letchinger*, 2011 WL 3471082, at *16 (N.D. Ill. Aug. 5, 2011) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), and 5 Wright & Miller, Federal Practice & Procedure § 1224, at 300 & n.7 (3d ed. 2004)). McKinney's belief that Hartel told Aurora damaging lies about her finds support from McKinney's allegation that Hartel often voiced his displeasure regarding a September 2009 EEOC charge that McKinney had brought against Valley Fire. Doc. 29 at ¶ 33.

Defendants' motion to dismiss the tortious interference claim accordingly is denied.

July 9, 2012

                                        United States District Judge